**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Hilda Ochoa,

        Plaintiff,

v.

Commissioner of Social Security Administration,

        Defendant.

No. CV-25-00281-TUC-JCH

**ORDER**

Plaintiff Hilda Ochoa brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The Court referred this matter to Magistrate Judge Michael A. Ambri for a Report and Recommendation ("R&R"). Judge Ambri recommends the Court affirm the Commissioner's decision. (Doc. 21). Plaintiff objected to the R&R (Doc. 22), and Defendant filed a Response (Doc. 24). For the following reasons, the Court will overrule Plaintiff's Objections, adopt the R&R in full, and affirm the Commissioner's decision.

## I.    Background

### A.    Procedural History

On December 28, 2021, Plaintiff filed an application for disability insurance benefits.[1] Plaintiff's claim was initially denied on November 3, 2022, and upon

---

[1] Administrative Record alleging disability beginning on March 1, 2022 ("AR") at 16.

reconsideration on August 31, 2023. (AR at 16.) Plaintiff filed a written request for hearing, and Administrative Law Judge ("ALJ") Laura Speck Havens held a telephonic hearing on May 9, 2024. The ALJ determined Plaintiff was not under disability within the meaning of the Social Security Act and denied her application. (AR at 16–27.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (AR at 1–3.)

### B.    Claim Evaluation

To qualify for disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled only if her "physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

A five-step sequential evaluation governs eligibility for disability benefits. *See* 20 C.F.R. § 416.920. First, the claimant must show she is not engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, she will not be considered disabled, and her claim will be denied. *Id.* If she is not engaged in substantial gainful activity, the claimant must show at step two that she has a severe physical or mental impairment or a combination thereof. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant can show severe impairment, step three determines whether her impairments meet one of several listed impairments that automatically render her disabled. *See* 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairments are severe but do not meet one of the listed impairments in step three, the fourth step determines if her residual functional capacity ("RFC") precludes her from doing her past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv). If the claimant has the RFC to do her past relevant work,

she is not disabled. *Id.* If the claimant cannot do her past relevant work, the fifth and final step requires the Commissioner to determine if the claimant can adjust to other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make such an adjustment, she is not disabled. *Id.*; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (describing shifting burden at step five).

### C.    The ALJ's Findings

Plaintiff's initial application alleged disability beginning on December 1, 2021, due to diabetes, intestinal issues, migraines, sciatica, neuropathy, fatty liver disease, blood platelet issues, high cholesterol, and hand pain. (AR at 16, 207.)

The ALJ completed the required five-step analysis for these impairments—and others Plaintiff did not initially allege—and determined Plaintiff was not disabled. (*See* AR at 13–27.) At step one, the ALJ found Plaintiff had not engaged in substantial and gainful activity since the alleged onset of her disability. (AR at 18.) At step two, the ALJ found Plaintiff had severe impairments, namely diabetes with peripheral neuropathy and sciatica. (AR at 18–19.) The ALJ also found Plaintiff had non-severe impairments including intestinal issues, fatty liver disease, blood platelet issues, high cholesterol, thrombocytosis, migraine headaches, and depressive disorder. (AR at 19–20.) The ALJ explained why she found each impairment to be non-severe. (AR at 19–21.) At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that automatically rendered her disabled. (AR at 21.)

At step four, the ALJ found Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR [§] 404.1567(a) except she can stand and walk a total of four hours in an eight-hour day. She can occasionally climb stairs but never climb ladders. She can only occasionally stoop, kneel, crouch, and crawl. She can perform gross handling and fine fingering on a frequent basis bilaterally. She can have only occasional exposure to heights, moving machinery, and loud noise.

(AR at 21–25.) At the same step, the ALJ found Plaintiff was "capable of performing past relevant work as a customer service representative" and that "[t]his work does not require

- 3 -

the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR [§] 404.1565)." (AR at 25.) At step five, the ALJ found that, considering Plaintiff's age, education, work experience, transferable skills, and RFC, "there are other jobs that exist in significant number in the national economy" that Plaintiff could perform. (AR at 25–26.) Accordingly, the ALJ deemed Plaintiff not disabled, and rejected her claims. (AR at 27.)

## II.     Standards of Review

### A.     R&R Standard of Review

In reviewing a magistrate judge's R&R, a district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). A court is statutorily obligated to review only the specific objected to portions of the report, proposed findings, or recommendations. *See* 28 U.S.C. § 636(b)(1). "Objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error." *Tinlin v. Hudson*, No. CV-24-00425-TUC-JCH, 2025 WL 2468802, at *1 (D. Ariz. Aug. 27, 2025) (citing *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC-JZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6, 2021)). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shin*, No. CV 20-322, 2023 WL 6248830, at *7 n.5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

### B.     ALJ Decision Standard of Review

An ALJ's decision may be reversed only when it is unsupported by substantial evidence or constitutes harmful legal error. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation and citation omitted). "Under the substantial-evidence standard, a court

looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While the Court is required to examine the whole record, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Id.*

### III.   Analysis

Plaintiff raises four objections to the R&R (Doc. 22), which the Court will address in turn before reviewing the remainder of the R&R for clear error.

> **A.   The Court reviews Plaintiff's first three objections for clear error because they seek to rehash arguments raised in the Opening Brief and addressed in the R&R.**

First, Plaintiff objects to the R&R's finding that the ALJ properly evaluated the opinion offered by consultative examiner Robert Lewis, Ph.D., renewing her contention that Dr. Lewis's opinion was supported by Plaintiff's self-reports and that the ALJ was not qualified to find otherwise. (Doc. 22 at 4.) Second, Plaintiff objects to the R&R's finding that "the ALJ could consider the disparity between symptoms and statements made by plaintiff and the objective evidence," reiterating "her position that the ALJ unduly relied upon the objective evidence in discounting her allegations." (*Id.* at 5.) Third, Plaintiff objects to the R&R's finding that the ALJ properly considered her course of treatment in finding her symptoms not disabling, renewing "her contention that this finding was not appropriate, as the ALJ did not consider any reasons for [Plaintiff's] limited treatment as required by the Social Security Rulings." (*Id.* at 5–6.)

These objections seek to rehash arguments raised in the Opening Brief (Doc. 13 at 18 (first), 21–22 (second), 22–23 (third)), and addressed in the R&R, (Doc. 21 at 11 (first), 14 (second), 14–15 (third)). Accordingly, the Court reviews these portions of the R&R for clear error and finds none. *See Tinlin*, 2025 WL 2468802, at *1.

. . . .

**B.    Substantial evidence supports that Dr. Kalpage's opinions were unpersuasive.**

Fourth, Plaintiff objects to the R&R's finding that the ALJ properly evaluated the opinion of Palitha Kalpage, M.D. (Doc. 22 at 2–3.) Plaintiff argues that, in support of this finding, Judge Ambri cited evidence discussed in other portions of the ALJ opinion, but the ALJ did not articulate or discuss these clinical findings specifically as support for her decision to discount Dr. Kalpage's opinion. (*Id.*) Plaintiff also argues the R&R failed to consider how Dr. Robert Barlow, M.D.'s findings provided support for the opinion offered by Dr. Kalpage. (*Id.* at 3–4.)

Dr. Kalpage authored two medical opinions. 20 C.F.R. § 404.1520c(a) instructs that when a medical source offers more than one medical opinion, "it is not administratively feasible for [the ALJ] to articulate in each determination or decision how [she] considered all of the factors for all of the medical opinions." *Id.* Instead, the ALJ "will articulate how [she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* The ALJ is "not required to articulate how [she] considered each medical opinion . . . from one medical source individually." *Id.*

Further, supportability and consistency are "the most important factors" an ALJ considers in determining how persuasive she finds a medical source's medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." § 404.1520c(c)(2). The regulations instruct the ALJ to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical

findings in [her] determination or decision." § 404.1520c(b)(2). "An ALJ need only provide 'an explanation supported by substantial evidence.'" *Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (quoting *Woods*, 32 F.4th at 792).

Here, the ALJ addressed both of Dr. Kalpage's opinions in a single paragraph:

> The opinions of Palitha Kalpage, M.D. are not persuasive. (1F; 14F) [AR 371 (03/07/2022); AR 964 (04/16/2024)]. The opinion lists the claimant's alleged impairments, but does not cite to evidence in the record of limitations related to incontinence, migraines, or other impairments. (1F p. 2) [AR 371]. Nor does the statement cite to evidence supporting the opinion that the claimant can stand, walk, or sit less than one minute at a time and for less than one hour per day. (1F p. 3) [AR 372]. These opinions are also inconsistent with the treatment record which regularly showed the claimant had normal gait. It is also inconsistent with the treatment records which mention no significant difficulty sitting. Because the opinions are not supported by the record and are inconsistent with the evidence in the record, they are not persuasive.

AR 24.

The R&R found the ALJ's analysis overlooked that Dr. Kalpage cited to records from Plaintiff's April 9, 2024 lab work to support her 2024 opinion. (Doc. 21 at 7 (citing AR 964).) The R&R understood Dr. Kalpage's record citation "as saying that [Plaintiff's] functional limitations result from her uncontrolled diabetes, uncontrolled cholesterol, and high trigyceride levels." (Doc. 21 at 7.) The R&R then found the "ALJ's failure to explicitly consider [Dr.] Kalpage's" record citation "problematic" but determined the ALJ did explain "elsewhere in the opinion" why Dr. Kalpage's 2024 opinion was not persuasive. (Doc. 21 at 7.) Specifically, after reviewing "the entire medical record," the ALJ "found that while there is evidence that [Plaintiff's] neuropathy and sciatica limit her ability to work, the medical evidence does not support [Dr.] Kalpage's opinion as to the extent of that limitation." (Doc. 21 at 7–8.)

The Court agrees with the R&R and finds that any error on the part of the ALJ was harmless. Contrary to Plaintiff's argument, the R&R's analysis does not involve post hoc rationalizations or attempt to intuit what the ALJ may have been thinking. (Doc. 22 at 2–3.) Judge Ambri did not need to rationalize the ALJ's findings—the ALJ did so herself.

Although the ALJ's paragraph explanation did not address the supportability factor for the 2024 Opinion, it did address the consistency factor—specifically finding the record showed normal gait and no difficulty sitting (AR 24). Further, as fully explained in the R&R, prior portions of the ALJ's opinion repeatedly found that Plaintiff's medical record showed normal physical examinations, and little to no diabetic, neurological, or sciatica-related symptoms. (Doc. 21 at 8–9.)

Moreover, because substantial evidence supports that Dr. Kalpage's opinions were inconsistent with the record, the ALJ did not need to address the supportability factor. *See Woods*, 32 F.4th at 792–94, n.4 (indicating that even where an ALJ provides no supportability analysis for a medical opinion, the ALJ may properly find the opinion unpersuasive so long as there is an inconsistency finding supported by substantial evidence); *see also Thompson v. Comm'r of Soc. Sec. Admin.*, No. 21-08076-PHX-SPL, 2022 WL 3098039, *6 (D. Ariz. Aug. 4, 2022) ("Even though the ALJ erred in his consideration of supportability, he properly rejected the opinion based on consistency."). Even accepting that portions of Dr. Barlow's opinion support Dr. Kalpage's opinions, this is not enough to make Dr. Kalpage's opinions consistent with the record when multiple other opinions—and Dr. Kalpage's own treatment records—indicate the opposite. (*See* AR 23–24, 969–70.) Thus, substantial evidence supports that Dr. Kalpage's opinion was not persuasive.

Finally, the R&R did not err in reviewing the ALJ's opinion as a whole, rather than focusing on the single paragraph explanation in isolation. Although the regulations instruct an ALJ to articulate how she considered the § 404.1520c(c)(1)–(5) factors in a single analysis, the regulations also explicitly state than an ALJ is "not required to articulate how [she] considered each medical opinion . . . from one medical source individually." § 404.1520c(a). Here, the ALJ explained, in a single analysis, why she found "[t]he opinions of Palitha Kalpage, M.D. [] not persuasive." The ALJ not citing the 2024 opinion made it unclear whether she considered that opinion and Dr. Kalpage's corresponding explanation, but reviewing the opinion as a whole makes clear that the ALJ did consider

the opinion and more fully explains why she discounted that opinion. *See Kaufmann v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022) (when reviewing an ALJ opinion, a district court must not "cite[] only a single page of the ALJ's decision"; instead, a court must "look[] to *all* the pages of the ALJ's decision." (emphasis in original)). Accordingly, the Court will adopt this portion of the R&R.

**C.     The remainder of the R&R is sound.**

After reviewing the remainder of the R&R for clear error, the Court finds none and will adopt the R&R in full.

**IV.    Order**

Accordingly,

**IT IS ORDERED overruling** Plaintiff's Objections to the Report and Recommendation (Doc. 22)

**IT IS FURTHER ORDERED adopting in full** the Report and Recommendation (Doc. 21) and affirming the decision of the Commissioner.

**IT IS FURTHER ORDERED directing** the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 7th day of July, 2026.

John C. Hinderaker
United States District Judge